[No. B133690. Second Dist., Div. Three. Apr. 7, 2000.]

In re DEVON C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DEVON C., Defendant and Appellant.

## Counsel

Linda Acaldo, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SCHNEIDER, J.**[*]—Devon C., a minor, appeals from the order of the juvenile court making him a ward of the court and placing him home on probation. Devon was made a ward of the court after admitting he possessed a firearm and it was wrong to do so.[1] The only issue presented is whether the trial court erred when it denied Devon's motion to suppress the firearm he admitted possessing.

The facts giving rise to the motion to suppress are not in dispute. Although there is little difference between the facts set forth in the respective briefs of the parties, we adopt Devon's statement since it is a little more complete:

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]Devon timely filed his notice of appeal.

*"The Prosecution's Case*:

"Los Angeles Police Officer David Navas testified that on May 13, 1999, at approximately 2:00 p.m. he was on patrol in the area of Denker Avenue and 54th Street in Los Angeles. At that time, he noticed appellant riding a bicycle northbound on the sidewalk. Appellant was not wearing a bicycle helmet. . . .

"Activating the light on the top of his patrol car, Officer Navas stopped to ask Appellant about his lack of a helmet. As Navas and his partner approached appellant, he got off his bicycle and put his hands on the top of his head, interlacing his fingers as he did so. As Navas neared him, appellant spontaneously stated, 'I've got something to tell you.' Navas told appellant to turn around, grabbed his hands, and appellant stated, 'I've got something to tell you. I have a gun, I just found it.' Appellant was handcuffed, and Navas located a blue steel 25 caliber semiautomatic pistol in appellant's front jacket pocket. The pistol was loaded. . . .

*"The Defense Case*:

"On cross-examination of Officer Navas, appellant established that appellant stopped riding his bicycle when police stopped the police car and got off the bicycle prior to any instructions being issued by police. In addition, after appellant put his hands up behind his head, Navas grabbed his hands before discussing any possible helmet violation with appellant. Officer Navas admitted that he grabbed appellant's hands because he was about to search appellant, because, '[w]e search everybody for weapons.' . . ."

██  Based on the facts delineated above, Devon contends he was illegally (i.e., in violation of his Fourth Amendment rights) stopped by the police. Stated otherwise, Devon contends it was not reasonable for the police officer to stop him because there were insufficient facts known to the officer so as to have permitted him to entertain a reasonable suspicion Devon was involved in criminal activity. (*In re Tony C.* (1978) 21 Cal.3d 888, 898-899 [148 Cal.Rptr. 366, 582 P.2d 957].)[2] Specifically, Devon claims his actions of riding his bicycle on a sidewalk without a helmet was not unlawful and,

---

[2]"Since the passage of Proposition 8 in 1982 (Cal. Const., art. I, § 28), the subjective belief of the citizen set out in *In re Tony C.* (1978) 21 Cal.3d 888 [148 Cal.Rptr. 366, 582 P.2d 957], no longer applies in analyzing whether an encounter is a detention. (*In re Lance W.* [(1985)] 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].) Rather the federal standard of analyzing the objective facts of the incident controls. (*Ibid.*)" (*In re Christopher B.* (1990) 219 Cal.App.3d 455, 460, fn. 2 [268 Cal.Rptr. 8].)

therefore, such action could not form the basis of his stop by the police.[3] In order to resolve the issue of the propriety of the police stop of Devon, several Vehicle Code sections must be analyzed.

Vehicle Code section 21212, subdivision (a) provides: "A person under 18 years of age shall not operate a bicycle . . . upon a street, bikeway, as defined in . . . the Streets and Highways Code, or any other public bicycle path or trail unless that person is wearing a properly fitted and fastened bicycle helmet . . . ."

"Street" is defined in the Vehicle Code as: "[A] way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. *Street includes highway*." (Veh. Code, § 590, italics added.)

"Highway" is defined in the Vehicle Code as: "[A] way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. *Highway includes street*." (Veh. Code, § 360, italics added.)

"Sidewalk" is defined in the Vehicle Code as: "[T]hat portion of a highway, other than the roadway, set apart by curbs, barriers, markings or other delineation for pedestrian travel." (Veh. Code, § 555.)

Devon reads Vehicle Code section 21212, subdivision (a) to mean that his act of riding a bicycle on a sidewalk did not violate the law because a sidewalk is not a "street."[4] Accordingly, he concludes the police officer had no right to stop him and the discovery and seizure of the gun by the police was the fruit of an illegal detention. (*Wong Sun v. United States* (1963) 371 U.S. 471 [83 S.Ct. 407, 9 L.Ed.2d 441].)

On the other hand, the People contend that the detention of Devon was lawful. Specifically, the People reason as follows: (1) pursuant to the statute quoted above a "street" includes a "highway" (Veh. Code, § 590) and a "highway" includes a "street" (Veh. Code, § 360); (2) a "sidewalk" is a portion of the highway; and (3) since a sidewalk is a portion of the highway, and since "street" and "highway" are synonymous, "the term 'street' as used in section 21212 necessarily includes sidewalk."

---

[3]Devon "acknowledges that if his act of riding his bicycle on the sidewalk standing alone is legally prohibited, police would have had ample objective reasonable suspicion to detain and approach him. [See: *United States v. Robinson* (1973) 414 U.S. 218 [94 S.Ct. 467, 38 L.Ed.2d 427].]"

[4]No contention is made in this case that Devon was riding his bicycle on a "bikeway" or "other public bicycle path or trail" as specified in Vehicle Code section 21212, subdivision (a).

We have been referred to no judicial decision that discusses the issue presented in this appeal, i.e., whether the act of riding a bicycle on a sidewalk violates Vehicle Code section 21212, subdivision (a).[5] Our conclusion with respect to this apparently first impression issue is that the People's analysis of the applicable statutes is correct. Specifically, we conclude that when Devon was riding his bicycle on a sidewalk, he was riding on a "portion of a highway." Since the terms "street" and "highway" are synonymous, it follows Devon was also riding his bicycle on a "street." The fact that he did so while not wearing a helmet constituted a violation of law, justifying his detention by the police officer. Since the detention was lawful, it follows Devon's admission he had the gun and the subsequent search and seizure of the gun were also lawful.

Our conclusion also comports with common sense. In this connection, it is important to observe, as stated by the People, that a statute should be "given a reasonable and common sense interpretation consistent with the apparent purpose." (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722], disapproved on other grounds in *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 15 [78 Cal.Rptr.2d 1, 960 P.2d 1031].) As the People also correctly observe, "[t]here is simply no rationale to protect minors from head injuries occurring on streets, bike paths, and trails, but not on sidewalks."

Finally, as the People point out, "a legislative analysis of the helmet law shows that the law's sponsors wanted to protect minors from bicycle-related head injuries, *no matter where they might occur*: 'Sponsors seek its passage as a means of reducing injuries, especially head injuries, and death to children riding bicycles . . . . [¶] Sponsors claim that most child bicycle accidents do not involve a motor vehicle, but rather miscellaneous collisions with stationary objects, poor surface conditions, mechanical problems and loss of control of the bicycle. They note that bicycle accidents can occur anywhere and not just on streets.'" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2268 (1993-1994 Reg. Sess.) Sept. 2, 1993.)[6]

Our conclusion that the police officer was justified in detaining Devon based on a violation of Vehicle Code section 21212, subdivision (a) makes it unnecessary for us to discuss the additional justification for the detention suggested by the People.

---

[5] In 76 Ops.Cal.Atty.Gen. 214 (1993) the Attorney General opined that people riding bicycles on sidewalks are subject to the same requirements as those riding on roadways.

[6] In a separate motion, respondent requests this court to take judicial notice of the legislative analysis of Vehicle Code section 21212, including the above quotation contained at page A-7 of exhibit A of respondent's request for judicial notice. We have taken judicial notice as requested by the People.

## DISPOSITION

The judgment is affirmed.

Kitching, Acting P. J., and Aldrich, J., concurred.